Evan S. Schwartz
Michail Z. Hack
SCHWARTZ LAW P.C.
666 Old Country Road
Ninth Floor
Garden City, New York 11530
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENE W. CHOLLETT,<br><br>     Plaintiff,<br>-vs.-<br><br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY individually and as successor to CONNECTICUT MUTUAL LIFE INSURANCE COMPANY,<br>     Defendant. | **COMPLAINT AND**<br>**JURY DEMAND** |

Plaintiff, Gene W. Chollett, by way of Complaint against Defendants Massachusetts Mutual Life Insurance Company individually and as successor to Connecticut Mutual Life Insurance Company (collectively, the "Defendants"), alleges as follows:

### THE PARTIES

1. Plaintiff Gene W. Chollett (hereinafter "Mr. Chollett") is a resident and citizen of the State of New Jersey and currently resides at 6 Essex Terrace, West Orange, NJ.

2. Defendant Massachusetts Mutual Life Insurance Company (hereinafter "MassMutual") is a mutual life insurance company with its principal place of business in Springfield, Massachusetts. The Defendant is authorized to do business in the State of New York and New Jersey, with several offices in each state.

3. Defendant Connecticut Mutual Life Insurance Company (hereinafter "ConnMutual") was an insurance carrier organized and existing under the laws of the United States, with its principal place of business in Hartford, Connecticut until its merger with MassMutual in 1996.

4. At all relevant times herein, Defendant ConnMutual was duly licensed as a disability insurance company in New York in the business of issuing policies of insurance to the public and was therefore subject to the laws and regulations of the State of New York.

5. On March 1, 1996 Defendant ConnMutual merged with MassMutual and as a result MassMutual has succeeded to all liabilities, duties and rights of ConnMutual.

## JURISDICTION AND VENUE

6. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "5" as if fully set forth herein.

7. Jurisdiction is founded on 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and because the amount in controversy exceeds $75,000.00 exclusive of costs.

8. Defendants transact and transacted substantial business in this judicial district and maintain contacts in this judicial district sufficient to subject them to personal jurisdiction.

9. Pursuant to 28 U.S.C. § 1391(b)(2) and § 1391(c)(2), this action is properly venued in the Southern District of New York.

## AS AND FOR A
## FIRST CAUSE OF ACTION
### (Breach of Contract)

10. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "9" as if fully set forth herein.

11. On or about September 28, 1999, Defendants issued a long term disability insurance policy to Plaintiff, Policy No.: 8-141-521, hereinafter, the "Policy".

12. The Policy provided that Plaintiff would receive monthly benefits in the amount of $6,250.00 per month should Plaintiff ever become disabled.

13. The Policy also provided for cost of living increases to Plaintiff's monthly disability benefit for which Plaintiff was charged an additional premium.

14. The Policy also provided that Defendants would waive all premiums due under the policy during a period of disability.

15. Plaintiff timely paid all premiums due as required under the terms of the Policy.

16. On or about April 16, 2002, Plaintiff became disabled within the meaning of, and pursuant to terms of, the Policy due to a sickness which limited and prevented him from performing the main duties of his regular occupation.

17. At the time Plaintiff became disabled, the Policy was in full force and effect.

18. Plaintiff timely filed a Notice of Claim pursuant to the terms of the Policy.

19. At all times hereinafter mentioned, Plaintiff fully cooperated with Defendants in connection with his claim for benefits under the Policy.

20. On April 7, 2009, Defendants approved Plaintiff's claim for disability benefits, and commenced paying monthly total disability benefits to Plaintiff.

21. On or about May 14, 2015, Plaintiff received notice that his claim for disability benefits under the Policy was terminated.

22. The failure of Defendants to pay benefits was and is a willful and wrongful breach of the terms set forth in the Policy.

23. As a result of the breach by Defendants, Plaintiff has been damaged.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT

24. Plaintiff repeats and reiterates the allegations contained in Paragraphs "1" through and including "20" as if more set forth herein.

25. Plaintiff seeks a declaratory judgment that Plaintiff is disabled pursuant to the language and within the meaning of the Policy from on or about April 16, 2002 through present.

26. Plaintiff further seeks a declaratory judgment that Defendants are obligated to continue to pay total disability benefits to Plaintiff for as long as he remains totally disabled pursuant to the terms of the Policy.

27. Plaintiff further seeks a declaratory judgment that Plaintiff's premium payments for the Policy are waived during the period of his total disability and waived for as long as he remains totally disabled.

28. Plaintiff further seeks a declaratory judgment that he may return to this Court, upon motion, to seek further declaratory judgment in the event that it becomes necessary.

WHEREFORE, Plaintiff, Gene W. Chollett demands judgment against Defendants Massachusetts Mutual Life Insurance Company individually and as successor to Connecticut Mutual Life

A. On the First Cause of Action, for breach of contact in a sum not less than $120,000.00, plus interest thereon from the date that each payment became due and owing;

B. On the First Cause of Action for the return of all premiums paid during the period of total disability, with interest thereon;

C. On the Second Cause of Action for Declaratory Judgment declaring the rights and other legal relations to the parties hereto as follows:

   1. That the Policy is in full force and effect;

   2. That Defendants are obligated to pay all benefits in arrears due and owing under the Policy since the date of Total Disability, with interest thereon;

   3. That Defendants are obligated to pay continuing benefits to Plaintiff pursuant to the Policy, as long as Plaintiff remains totally disabled, subject to the applicable maximum benefit period contained in the Policy;

   4. That all past and present premiums are hereby waived;

   5. That Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

6. For such other and further relief as this Court deems just, proper and equitable.


Dated: Garden City, New York
       March 30, 2016

                                      SCHWARTZ LAW P.C.

                        By: _____
                                    Evan S. Schwartz
                                    Michail Z. Hack
                                    *Attorneys for Plaintiff*
                                    666 Old Country Road
                                    Suite 900
                                    Garden City, New York 11530
                                    (516) 745-1122